IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. LAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  1:04cv218-A |
| | ) | |
| LAMAR GLOVER, | ) | (WO) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Motion for Summary Judgment filed by the Defendant, Lamar Glover ("Glover"), on October 25, 2005, and a Motion to Strike filed by Glover on November 28, 2005.

The Plaintiff filed a Complaint in this case, which was later amended, bringing claims pursuant to 42 U.S.C. § 1983 for retaliation in violation of the First Amendment to the United States Constitution.  Glover moved to dismiss the 42 U.S.C. § 1983 claims brought against him in his official capacity, and the claim in Count V of the Amended Complaint.  This court granted the Motion to Dismiss as to the claims for monetary damages against Glover in his official capacity, and the case proceeded against Glover individually and in his official capacity to the extent Plaintiff seeks prospective injunctive relief.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED, and the Motion to Strike is due to be DENIED as moot.

### II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III.  FACTS

The Plaintiff William Land ("Land") was employed as Operations Commander at the Houston County Sheriff's Department. The Sheriff, Glover, hired Darla Speigner, a registered nurse, to work with inmates at the Houston County jail.  Land wrote a memorandum to Glover dated February 12, 2003, in which he voiced complaints regarding Speigner.  Land contends that the matter was of public concern, but that he intended to keep it confidential so that it could be resolved privately.

Land states that Glover subsequently become hostile and aggressive toward him to the point that he believed he needed to wear a firearm to work to protect himself. Land has also presented some evidence that other aspects of his job were different.  Land ultimately resigned from his position.

Land made a claim for unemployment benefits from the Alabama Department of Industrial Relations and his claim was denied.  He appealed that determination. Affidavits were submitted in lieu of an appearance by Land and the employer before the hearing officer.  The Administrative Hearing Officer affirmed the denial of benefits, finding that Land had left his employment voluntarily and without just cause.

### IV. DISCUSSION

To state a claim for retaliation in violation of the First Amendment, a public employee, such as Land, must show that his employer retaliated against him because of speech on a matter of public concern. <u>Stavropoulos v. Firestone,</u> 361 F.3d 610, 618 (11th Cir. 2004), cert. denied, __ U.S. __, 125 S.Ct. 1850 (2005).  To constitute retaliation for speech on a matter of public concern, there must be an adverse employment action which involves an important condition of

3

employment.  Id. at 619.  Constructive discharge can constitute an adverse employment action for purposes of a First Amendment retaliation claim "where working conditions are so intolerable that a reasonable person would have felt compelled to resign." Akins v. Fulton County, Ga., 420 F.3d 1293, 1301 (11th Cir. 2005).

In this case, Land argues that he was constructively discharged as a result of his speech on a matter of public concern.  Land states that he was isolated from colleagues, he was excluded from new officer swearing in ceremonies and meetings he formerly had attended, his actions were countermanded without explanation, that Glover ignored him or criticized him, and that Glover leveled accusations against him. He has also presented evidence that he feared physical confrontation and began carrying a firearm at work.

Glover argues both that Land has failed to demonstrate that he was constructively discharged, and that he is collaterally estopped from denying that he voluntarily resigned from his employment, rather than being constructively discharged.  The court turns to the latter of these issues.

In Mitchell v. Humana Hospital-Shoals, 942 F.2d 1581 (11th Cir. 1991), the plaintiff claimed that she had been constructively discharged.  The district court granted summary judgment to the employer on the basis of collateral estoppel, finding that because the plaintiff had been denied unemployment compensation by an Alabama state court, she did not have just cause to resign her position.

In its review of the district court's grant of summary judgment, the Eleventh Circuit set out the elements of collateral estoppel under Alabama law as being the following: (1) the party claiming the benefit of the prior judgment is one who would have been prejudiced by a contrary

decision in the earlier case, (2) the party sought to be estopped was either a party or in privity with a party to the other case, (3) the latter suit must have involved an issue identical to one actually litigated and decided in the earlier case, and (4) resolution of the identical issue must have been necessary to the earlier judgment. Id. at 1583.

The Eleventh Circuit reversed the grant of summary judgment because the Alabama court had entered an order without giving reasons for the denial or making findings of fact. Id. at 1583-84. The Eleventh Circuit determined that collateral estoppel could not be applied because the court could not determine whether the state court "actually decided whether [the plaintiff] had just cause to resign," or whether the state court had relied on some other reason in denying unemployment benefits. Id. at 1584.

Collateral estoppel has been applied by another judge of this court to a determination by the Alabama Department of Industrial Relations in the context of a First Amendment retaliation case. Rigby v. D.T. Marshall, 134 F. Supp. 2d 1259, 1262 (M.D. Ala. 2000) (Thompson, J.), aff'd, 00-15215 (11th Cir. Jan. 29, 2001) (unpublished opinion). In that case, the court concluded that a plaintiff who claimed retaliation under the First Amendment was collaterally estopped by a hearing officer's determination from arguing that he was terminated for any reason other than that found by the hearing officer. Id. at 1264. In reaching this conclusion, the court relied on Wal-Mart Stores, Inc. v. Smitherman, 743 So. 2d 442, 444 (1999), which applied collateral estoppel to state court claims based on an administrative appeal.

In this case, the court has been provided a copy of the Administrative Hearing Officer's determination affirming the initial Examiner's denial of Land's unemployment benefits based on the Examiner's finding that Land had left his work voluntarily and without good cause connected

with work. See Defendant's Exhibit Y.  In that decision, the Administrative Hearing Officer set forth factual findings regarding the events surrounding Land's resignation and concluded as follows: "There has been no evidence presented at this hearing to show that the claimant had good cause connected with work for leaving his employment . . . ."  Id.   Accordingly, in this case, unlike in Mitchell, the court has been provided the factual basis and reasoning of the hearing officer's determination that Land voluntarily resigned his position without good cause.  There is no evidence that this determination was appealed to an Alabama circuit court as authorized by the Code of Alabama.  Ala. Code § 25-4-95.

Land does not dispute that the elements of collateral estoppel have been met in this case.  In fact, Land has offered no response to Glover's citation to the Rigby case, or any argument or evidence in opposition to Glover's ground for summary judgment based on the Administrative Hearing Officer's determination.  Land, therefore, has failed to meet his burden to create a genuine issue of material fact for trial on the issue of constructive discharge.[1]

Because all of the pending counts of the Amended Complaint rely on constructive discharge as the claimed adverse employment action, and because Land has failed to demonstrate that he should not be collaterally estopped from arguing that he voluntarily resigned without good cause, rather than being constructively discharged, summary judgment is due to be GRANTED to Glover in his official and individual capacities on all of Land's claims.[2]  In

---

[1] The court notes that, although it appears that not all of the facts presented in this case were presented to the hearing officer, the facts were known and could have been brought to the hearing officer's attention, and are not new facts.  See Rigby, 134 F. Supp. 2d at 1264.

[2] The court need not address the other grounds for summary judgment raised by Glover. The court notes, however, as an alternative basis for granting summary judgment, that Land has failed to create a question of fact as to whether his working conditions became so objectively

addition, because summary judgment is due to be GRANTED on the basis of collateral estoppel, the Motion to Strike is due to be DENIED as moot.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Strike (Doc. #51) is DENIED as moot.

2.  The Motion for Summary Judgment (Doc. #34) is GRANTED.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 9th day of December, 2005.


/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

intolerable that he was compelled to resign. See Akins, 420 F.3d at 1301.  He has presented evidence of his subjective fear of physical harm and some evidence that there was a change in some job duties.  He has not presented evidence, however, that his work duties were removed. See id. at 1302; Poole v. Country Club of Columbus, Inc., 129 F.3d 551, 553 (11th Cir. 1997).